**VOYAGER, INC., Appellant**

**v.**

**HIGH COURT OF AMERICAN SAMOA, TRIAL DIVISION,**
**Appellee**

---

**BRIAN BLOCKER, Intervenor**

High Court of American Samoa

Before CANBY,[*] Acting Associate Justice, MUNSON,[**] Acting Associate Justice, WARD,[***] Acting Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellant, William H. Reardon and William Banning
 For Intervenor, Roy J.D. Hall, Jr.

Order Denying Appellant's Petition for Rehearing:

This court, having reviewed appellant's petition for rehearing and finding no points of law or fact which were overlooked or misapprehended by this court when reaching its decision after oral argument, hereby denies the petition for rehearing.

██ Appellant has suggested that our decision and that of the trial division must be vacated because the case was finally settled days before we rendered our decision. It is now clear that, regardless of whether we vacated our decision, appellant would not be entitled to vacatur of the decision of the trial division. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). We therefore decline to order vacatur of the decision of the trial division.

In the unique circumstances of this case, we also decline to vacate our Appellate Division decision. We were not notified of the settlement until after we had filed our decision. As we stated in our opinion, we were not exercising jurisdiction pursuant to Article III of the United States

---

[*] The Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation of the United States Secretary of the Interior.
[**] The Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, sitting by designation of the United States Secretary of the Interior.
[***] The Honorable John L. Ward II, Judge, District Court of American Samoa, sitting by designation of the United States Secretary of the Interior.

Constitution. Our decision went no further than to determine that the High Court of American Samoa had no jurisdiction over this case. To leave our decision in place implicates none of the separation-of-powers concerns underlying the "case or controversy" requirement.

It is so ordered.